IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARVEY R. WYANT, III,<br>　　　　　Plaintiff,<br><br>　　　v.<br><br>ANDREW SAUL,<br>　Commissioner of Social Security<br>　Administration,<br>　　　　　Defendant. | CIVIL ACTION<br><br><br><br><br>NO.  19-5183 |

DuBois, J.                                                                                               September 2, 2020

# **M E M O R A N D U M**

## I.    INTRODUCTION

In this action, plaintiff Harvey Wyant, III seeks review of the final decision of defendant, the Commissioner of the Social Security Administration (the "Commissioner") denying his claim for Social Security Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("SSA").  The denial was based on a decision by an Administrative Law Judge ("ALJ") that plaintiff was not disabled under the SSA.

By Order dated April 21, 2020, the Court referred the case to United States Magistrate Judge Lynne A. Sitarski for a Report and Recommendation ("R & R").  On May 12, 2020, Judge Sitarski issued an R & R recommending that plaintiff's Request for Review[1] be denied. Presently before the Court are plaintiff's Objections to the R & R.  For the reasons that follow, the Court approves and adopts the R & R, overrules plaintiff's Objections, and denies plaintiff's Request for Review.

---

[1] Plaintiff filed a Brief and Statement of Issues in Support of His Request for Review (Document No. 12, filed March 27, 2020) but did not file an actual Motion or Request for Review.  The Court construes the Brief as a Request for Review.

## II.     BACKGROUND

The background of this case is set forth in detail in Magistrate Judge Sitarski's R & R and will be recited in this Memorandum only as necessary to address plaintiff's Objections.

Plaintiff applied for DIB on October 19, 2016 for disability allegedly beginning on March 17, 2016. Administrative R. ("R") at 56, 133.  After his application was denied, plaintiff requested a hearing, which was held on August 13, 2018.  R. 29-54, 73-88.  In a decision dated November 2, 2018, the ALJ concluded that plaintiff was not disabled under the SSA.  R. 14-24. In so concluding, the ALJ found that (1) plaintiff suffers from one severe impairment, bilateral knee arthritis, R. at 16; (2) plaintiff's impairments do not meet or medically equal the severity of a listed impairment under the SSA, R. at 17; (3) plaintiff has the residual functional capacity ("RFC") to perform light work, except that he can walk thirty minutes at a time before needing to sit; he can stand one hour at a time before needing to sit; and he can occasionally climb ramps and stairs, but he can never climb ladders or scaffolds, R. at 18-22; (4) based on the limitations found by the ALJ and the testimony of a vocational expert ("VE"), plaintiff is capable of performing jobs that exist in significant numbers in the national economy and is therefore not disabled under the SSA, R. at 22-23.

The Appeals Council denied plaintiff's request for review on September 4, 2019, and the ALJ's determination was thus affirmed as the Commissioner's final decision.  R. at 1-6, 129-132. Plaintiff commenced this action seeking review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g) on March 27, 2020.

## III.    APPLICABLE LAW

After a magistrate judge submits a report and recommendation to the court, a party may serve and file "specific written objections to the proposed findings and recommendations."  Fed.

R. Civ. P. 72.  Those objections "shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections."  E.D. Pa. R. 72.1(IV)(b).  Generalized objections will not suffice.  *Palmer v. Apfel*, 955 F. Supp. 549, 552 n.4 (E.D. Pa. 1998).  A district court then evaluates *de novo* those portions of a magistrate judge's report and recommendation to which the objections are made and may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  However, a district court need not review *de novo* objections repeating identical arguments the party has already raised.  *Martinez v. Astrue*, No. 10-5863, 2011 WL 4974445, at *2 (E.D. Pa Oct. 19, 2011) ("In other words, an objecting party must identify specific errors in the magistrate judge's analysis without simply rehashing arguments already raised to the magistrate judge.").  Further, a party may not raise an entirely new issue for the first time in his objections to the magistrate judge's R & R; those issues not raised in a party's opening brief are waived.  *Jimenez,* 46 F. App'x at 684 (citing *Laborers' Int'l Union of N.A. v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir. 1998).

A district court's review of the Commissioner's final decision is limited to determining whether the denial of benefits "is supported by substantial evidence on the record as a whole" and whether the correct legal standards were applied.  *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 359 (3d Cir. 2004).  "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'  Although substantial evidence is more than a mere scintilla, it need not rise to the level of a preponderance."  *Id.* at 359-60 (quoting *Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 545 (3d Cir. 2003)).

To establish a disability under the SSA, the claimant must demonstrate some "medically determinable basis for an impairment that prevents [him] from engaging in any substantial

gainful activity" for the statutory period. *Diaz v. Comm'r of Soc. Sec.*, 577 F. 3d 500, 503 (3d Cir. 2009) (quotation marks and citations omitted); 42 U.S.C. § 423(d)(1)(A). A claimant bears the initial burden of proving the existence of a disability. *Rossi v. Califano*, 602 F.2d 55, 57 (3d Cir. 1979).

Disability claims are evaluated using a "five-step sequential evaluation" of whether a claimant: (1) is currently employed; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can perform past relevant work based on her RFC; and (5) if not, can perform other work in view of her residual functional capacity, age, education, and work experience. 20 C.F.R. §§ 404.1520, 416.920; *see McCrea*, 370 F.3d at 360. In deciding a disability claim, "an ALJ must clearly set forth the reasons for his decision. Conclusory statements that a condition does not constitute a medical equivalent of a listed impairment are insufficient. The ALJ must provide a discussion of the evidence and an explanation of reasoning for his conclusion to sufficiently enable meaningful judicial review." *Diaz,* 577 F. 3d at 504 (quotation marks and citations omitted). However, the ALJ "need not employ particular magic words[,] . . . particular language[,] or adhere to a particular format in conducting [the] analysis." *Id.* (quotation marks omitted).

In evaluating medical opinion evidence, an ALJ must "consider the medical opinions in [a] case record together with the rest of the relevant evidence." 20 C.F.R. §§ 404.1527(b), 416.927(b). Generally, the opinion of a medical source who has evaluated the claimant is given more weight than a source who has not, and the medical opinion of a treating source[2] that "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not

---

[2] A "treating source" is a medical source that has provided the claimant with "medical treatment or evaluation and who has, or has had, an ongoing treatment relationship" with the claimant. 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2).

4

inconsistent with the other substantial evidence in [the case record]" will be given "controlling weight."  20 C.F.R. §§ 404.1527(c)(1)-(2), 416.927(c)(1)-(2).  "When a conflict in the evidence exists, the ALJ may choose whom to credit but 'cannot reject evidence for no reason or for the wrong reason.'"  *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 2000) (quoting *Mason v. Shalala*, 994 F.2d 1058, 1066 (3d Cir. 1993).  When an ALJ does not give the opinion of a treating source controlling weight, the ALJ must weigh the opinion—considering, *inter alia*, the length and nature of the treating relationship, and the supportability and consistency of the opinion—and give reasons for the weight given to the opinion.  20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *see Plummer*, 186 F.3d at 429 ("An ALJ may . . . afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided." (citation omitted)).

## IV.   DISCUSSION

Plaintiff filed three objections to the R & R.  Plaintiff argues that Judge Sitarski erred in finding that the ALJ's decision was supported by substantial evidence because the ALJ (1) improperly equated the opinion of treating orthopedic surgeon Dr. Kelly that plaintiff could perform a "light duty" position at his previous job with a finding that plaintiff could perform "light work" as defined in the Social Security regulations; (2) improperly failed to credit the VE's testimony responding to a hypothetical question posed by the ALJ; and (3) misinterpreted plaintiff's statement that he would have continued at his "light duty" position as inconsistent with plaintiff's statement that he was only able to perform sedentary work.  The Court addresses each objection in turn.

### A.  Plaintiff's First Objection

Plaintiff first objects to Judge Sitarski's conclusion that the ALJ did not misinterpret Dr. Kelly's opinion that plaintiff could perform a "light duty" position at his previous job as a finding that plaintiff could perform "light work" as defined in the Social Security regulations. Plaintiff's argument is multistep: (1) Dr. Kelly limited plaintiff to "light duty" work that involved mostly sitting; (2) such work constitutes "sedentary work" under the Social Security regulations; thus (3) the ALJ was constrained to find plaintiff was only capable of "sedentary work," not "light work." Plaintiff argues that, to the extent the ALJ found him capable of "light work," she relied on a misinterpretation of Dr. Kelly's opinion.

Plaintiff raised this same argument in his Request for Review. Plaintiff's Request for Review at 2-6; Plaintiff's Reply at 1-3. In fact, plaintiff recognizes the argument was previously "discussed in detail" in his Request for Review, and so plaintiff declines to add any new substance to the argument in his Objections. Plaintiff's Objections at 1. In doing so, plaintiff "mere[ly] reference[s] his prior brief," rather than identifying a specific objection to the magistrate judge's analysis. *Martinez*, 2011 WL 4974445, at *4. Therefore, plaintiff's first objection amounts to a "simpl[e] rehashing" of his brief supporting his Request for Review. *Id.* at *2. To readdress this argument would "defeat any judicial efficiency gained by the report and recommendation process." *Id.* at 4. As such, the Court declines to conduct a *de novo* review of the parts of the R & R relating to this objection. As the Court finds no clear error or manifest injustice in Judge Sitarski's review of the ALJ's analysis of Dr. Kelly's testimony, the Court overrules plaintiff's first objection.

### B. Plaintiff's Second Objection

Plaintiff next objects to the R & R because Judge Sitarski did not address the ALJ's questioning of the VE. Plaintiff explains that, during the ALJ's questioning of the VE, "the ALJ incorporated Dr. Kelly's findings into a hypothetical question" and asked the VE whether an individual with the limitations Dr. Kelly imposed on plaintiff could perform work in the national economy. Plaintiff's Objections at 2. The VE opined that an individual with those restrictions could perform only sedentary work. Transcript at 47-48; Plaintiff's Objections at 2. Plaintiff argues this testimony is inconsistent with the ALJ's finding that plaintiff could perform light work. Because the R & R accepts that finding, plaintiff argues the R & R should not be adopted.

Plaintiff did not raise this issue in his opening brief in support of his Request for Review. To the contrary, his opening brief includes no reference to the VE's testimony whatsoever. Because plaintiff attempts to raise this issue for the first time in his Objections, this argument is waived. Accordingly, as the Court finds no clear error or manifest injustice in Judge Sitarski's omission of analysis of the VE's testimony regarding this hypothetical in the R & R, the Court overrules plaintiff's second objection.

### C. Plaintiff's Third Objection

Plaintiff's third and final objection is that Judge Sitarski erred in concluding that the ALJ gave plaintiff's testimony proper credibility.[3] Plaintiff's Objections at 3. Plaintiff's argument proceeds as follows: (1) plaintiff testified he would have continued working "light duty" at his former employer had the position remained available; (2) the ALJ erroneously believed

---

[3] The defendant did not address this objection in his Response. Although this objection is related to plaintiff's first objection regarding the ALJ's interpretation of Dr. Kelly's opinion, the Court treats it as a distinct objection because it concerns the ALJ's evaluation of the plaintiff's testimony.

7

plaintiff's "light duty" job constituted "light work"; (3) the ALJ found plaintiff's testimony inconsistent with his argument he could perform only sedentary work; (4) because of the ALJ's misinterpretation of plaintiff's testimony, the ALJ was unable to make an appropriate determination as to plaintiff's credibility. *Id.* Through this argument, plaintiff requests review of whether the ALJ misunderstood his former "light duty" job to constitute "light work," and, if so, whether that misinterpretation prevented the ALJ from making an appropriate credibility determination.

To the extent that plaintiff argues the ALJ erroneously conflated plaintiff's ability to perform "light duty" at his former employer with plaintiff's ability to perform "light work" under the Guidelines, plaintiff is "simpl[y] rehashing" an argument in his Request for Review without identifying a specific flaw in the magistrate's analysis. *Martinez*, 2011 WL 4974445, at \*2; *see* Plaintiff's Request for Review at 7. Judge Sitarski thoroughly addressed this argument in her R & R and concluded the ALJ's findings were supported by substantial evidence:

> Moreover, as the ALJ explained, Plaintiff's testimony and self-described abilities supported a finding that he was capable of this reduced range of light work. (R. 20-21). Plaintiff described that in his light duty capacity, he filled and maneuvered oxygen tanks, and testified he would have continued working light duty after October 2016 had his employer not laid him off, explaining that he 'could still do light duty, but they wanted [him] full-time.' (R. 20, 40-41). In his Adult Function Report, Plaintiff reported he was limited to walking short distances and estimated an ability to lift around 20-30 pounds. (R. 20, 185). He also reported the 'ability to drive, assist with laundry, vacuum, prepare meals, shop in stores, and run errands locally.' (R. 20, 180-186). As the ALJ found, this lay evidence supported a conclusion that Plaintiff retained the RFC to perform light work, with the assessed restrictions. (R. 20-21).

R & R at 15. Because the plaintiff raised this same argument in his Request for Review and has not identified for review a specific error Judge Sitarski made in her analysis, the Court declines

to conduct a *de novo* review on this argument. The Court finds no clear error or manifest injustice in Judge Sitarski's analysis of this issue in the R & R.

To the extent that plaintiff argues the ALJ's misinterpretation of plaintiff's testimony prevented her from making a proper credibility determination, plaintiff's argument must fail. This argument relies on the premise that the ALJ misinterpreted plaintiff's testimony in determining plaintiff was capable of performing light work. As explained above, Judge Sitarski determined that the ALJ did not misinterpret plaintiff's testimony, and the Court is in agreement with Judge Sitarski's analysis in the R & R. Therefore, the Court rejects plaintiff's argument.

For these reasons, the Court overrules plaintiff's third objection.

### V.        CONCLUSION

For the foregoing reasons, the R & R is approved and adopted, plaintiff's Objections are overruled, plaintiff's Request for Review is denied, and judgment is entered in favor of the defendant, Andrew Saul, Commissioner of Social Security Administration, and against plaintiff, Harvey Wyant, III. An appropriate order follows.